**Baljinder KAUR, and Pawandeep Singh, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71496.

Agency Nos. A77–831–117, A77–831–118.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 23, 2004.

Surjit Singh, Law Office of Surgit Singh, APC, Anaheim, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, James R. Grimes, Marga-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

ret Perry, U.S. Department of Justice, Washington, DC, for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

## MEMORANDUM**

Baljinder Kaur and her son, Pawandeep Singh, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility finding, *see Bandari v. INS,* 227 F.3d 1160, 1165 (9th Cir.2000), and we grant the petition.

Contrary to the IJ's finding, the record shows that the son corroborated his mother's account of two arrests, as well as her testimony that police abuse caused Kaur's father to be bedridden. *See Gui v. INS,* 280 F.3d 1217, 1225–28 (9th Cir.2002).

Second, although Kaur's application did not mention her claim that she was twice raped by the station house officer ("SHO") at the police station, it does state that she was "physically manhandled" and was threatened by the SHO who told her that he would arrest her again and "torture her to death" if she told anyone "what has happened in the police station." In several instances Kaur's interpreter mistakenly referred to the rape as "molestation," and

Kaur provided affidavits referring to how the police "defamed" her during her detention. *See Akinmade v. INS,* 196 F.3d 951, 956 (9th Cir.1999) (noting that discrepancies that are "possibly the result of mistranslation or communication" are not a legitimate basis for an adverse credibility finding). Further, Kaur provided a reasonable explanation for her failure to describe the rapes during her interview with the asylum officer. *See Paramasamy v. Ashcroft,* 295 F.3d 1047, 1053 (9th Cir. 2002) ("That a woman who has suffered sexual abuse at the hands of male officials does not spontaneously reveal the details of that abuse to a male interviewer does not constitute an inconsistency from which it could be reasonably inferred that she is lying.").

Third, the IJ erroneously concluded that Kaur's claim was fraudulent because Kaur's husband was ignorant of some details of Kaur's rape and he was not involved in Kaur's asylum application. In coming to this conclusion, the IJ relied on conjecture and speculation that cannot form the basis of an adverse credibility ruling. *See Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000).

We remand to the BIA for further proceedings to determine whether, accepting Kaur's testimony as credible, she has met the criteria for asylum, withholding of removal, or CAT relief. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.